**Audel MORENO, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 07–07–0477–CR.**

Court of Appeals of Texas,
Amarillo.

Feb. 8, 2008.

Audel Moreno, New Boston, TX, pro se.

Damon M. Cheronis, Meczyk Goldberg, Attorney At Law, Chicago, IL, for Audel Moreno.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

## ORDER DISQUALIFYING COUNSEL

PER CURIAM.

Appellant, Audel Moreno, was convicted of possession with intent to deliver cocaine in an amount of 400 grams or more. During the trial, Appellant was represented by Damon M. Cheronis, an attorney from Chicago, Illinois, who was admitted to practice before the trial court *pro hac vice* following compliance with the Rules Governing Admission to the Bar of Texas and payment of the required fee. Appellant filed a notice of appeal to challenge his conviction. The notice was signed by Mr. Cheronis.[1]

Upon reviewing § 82.0361 of the Texas Government Code and Rule XIX of the Rules Governing Admission to the Bar of Texas, this Court determined that a new motion to be admitted *pro hac vice* was necessary to practice before this Court. That determination was conveyed to Mr. Cheronis by letter dated January 4, 2008, with a deadline of January 18, 2008, in which to comply. The Court admonished Mr. Cheronis that failure to comply might result in disqualification of counsel. To date, counsel has not responded.

Additionally, the reporter's record has not been filed, and a motion for extension of time filed by the court reporter reflects that neither payment nor an arrangement to pay has been made. The Court requested that Mr. Cheronis certify in writing whether he had complied with the Texas Rules of Appellate Procedure regarding preparation and payment of the reporter's record. *See* Tex.R.App. P. 34.6(b)(1) and

---

**1.** Rule 6.1(a) of the Texas Rules of Appellate Procedure provides that the attorney whose name first appears on the notice of appeal is designated lead counsel.

35.3(b). The Court noted that failure to comply might result in the deadline for filing Appellant's brief being set with any points or issues raised that do not require a reporter's record being considered and decided. Tex.R.App. P. 37.3(c). Again, counsel has not responded.

Consequently, the Court hereby orders that Mr. Damon M. Cheronis is disqualified from representing Appellant, Audel Moreno, in this appeal. Mr. Cheronis is ordered to notify Appellant of the Court's order. The clerk's record does not indicate that Appellant is indigent. Therefore, Appellant is now in the position of appearing pro se before this Court. The current deadline in which to file the reporter's record is February 29, 2008, and Appellant's brief is due to be filed thirty days after the reporter's record is filed.[2] In the event the reporter's record is not filed, Appellant's brief is due no later than Monday, March 31, 2008.[3]

It is so ordered.

**2.** *See* Tex.R.App. P. 38.8(b) for the consequences of failing to file a brief.

**3.** The thirtieth day falls on Sunday, March 30, 2008, and is extended to Monday, March 31, 2008 per Rule 4.1(a) of the Texas Rules of Appellate Procedure.